# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

**CRIMINAL NO. 17-20662**

**vs.**                                                    **HON. DAVID M. LAWSON**

**CELIA WASHINGTON,**

    **Defendant.**

_____/

## STIPULATION REGARDING USE AND
## DISCLOSURE OF DISCOVERY MATERIALS

IT IS HEREBY STIPULATED AND AGREED, by and between defendant Celia Washington, through her counsel, attorneys Arnold E. Reed and Pamela L. Rice, and the United States of America, through its attorneys of record, that:

1.  For the purpose of allowing the defendant to adequately prepare for trial, the government will be making early disclosures to counsel for defendant of certain materials gathered during the government's investigation.

2.  These materials are extensive, and may include, among other things, grand jury transcripts, telephone calls and text messages intercepted pursuant to a court order, audio and video recordings made by cooperating

**Page 1 of 6**

individuals and an undercover agent, federal income tax returns and return information, reports of witness interviews, and personal and/or corporate bank records ("the discovery materials").

3.  Due to the sensitive nature of the discovery materials, which include confidential materials, the disclosure of which might impact the privacy interest of the defendants, witnesses, and victims, the parties hereby agree to the following restrictions on the use and disclosure of the discovery materials:

    a.  Counsel for defendant may share the discovery materials only with the defendant, investigators or experts working with defense counsel, and defense counsels' support staff ("members of the defense team"), and may only share them as needed to provide a defense for their client in this case, including any direct appeal;

    b.  Counsel for defendant may use the discovery materials to question or prepare potential witnesses, including showing the materials to such witnesses, but shall not allow such witnesses to retain copies of the discovery materials, except that a copy of an interview report of a certain witness or a grand jury transcript of that witness may be given to the witness who is the subject of the interview or the giver of the testimony;

    c.  Counsel for defendant, prior to disclosing any discovery materials

to any member of the defense team, will inform persons receiving

discovery materials of the disclosure limitations of this stipulation

and order;

    d.  Defendant shall make no disclosure of the discovery materials to

        anyone who is not a member of the defense team; and

4.    Should the parties wish to attach any discovery materials or identify

any confidential informants in any pleading filed with the court, those discovery

materials shall be filed under seal; however this order does not authorize the filing

of any documents under seal. Documents may be sealed only if authorized by

statute, rule, or order of the Court. A party seeking to have filed under seal any

paper or other matter in this case must file and serve a motion that sets forth: (a)

the authority for sealing; (b) an identification and description of each item

proposed for sealing; (c) the reason that sealing each item is necessary; (d) the

reason that a means other than sealing is not available or unsatisfactory to preserve

the interest advanced by the movant in support of the seal; and (e) a memorandum

of legal authority supporting the seal. See E.D. Mich. LR 5.3; *Shane Group, Inc. v.*

*Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). No party shall

file or otherwise tender to the Clerk any item proposed for sealing unless the Court

has granted the motion required by this section. Whenever a motion to seal is filed,

the movant shall submit a brief that states the particular reason the seal is required.

If a motion to seal is granted, then the documents to be sealed shall be electronically filed.

5.      Any party, other than the Designating Party, that anticipates filing any material that has been designated as Confidential Information must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential Information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal. See E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph A and Eastern District of Michigan Local Rule 5.3. If an agreement is not reached, then the Designating Party may file a motion in compliance with paragraph A and Local Rule 5.3. If the motion is denied, the party may file the material, but not under seal.

6.  Within ninety (90) days of the conclusion of the plea or trial (or any direct appeal therefrom), counsel for defendant and the defendant shall return all discovery materials to the government, along with all copies thereof, or cause such discovery materials to be destroyed.

7.  The defendant's need for the discovery materials outweighs the Privacy

**Page 4 of 6**

Act interests involved, pursuant to 5 U.S.C. 552a.  To the extent that the disclosure of the discovery materials pursuant to this stipulation and order may result in the disclosure of information protected from non-consensual distribution by the Privacy Act, the parties are authorized to disclose such information and shall not be found to have violated the Privacy Act by such disclosures.

8.  To the extent that the discovery materials include grand jury material, the court authorizes the government to disclose such materials pursuant to Fed. R. Crim. P. 6(e)(3)(E).

9.  To the extent that the defense provides any reciprocal discovery to the government, that material will be protected under this agreement and the government will treat this material as the defense is required to treat the government's discovery material, including returning or destroying the material as

described in paragraph 6 above.

**SO STIPULATED:**


*s/R. Michael Bullotta*                    *s/David A. Gardey*
R. MICHAEL BULLOTTA                DAVID A. GARDEY
Assistant United States Attorney      Assistant United States Attorney

Dated: November 1, 2017                Dated: November 1, 2017


*s/Celia Washington*                      *s/Arnold E. Reed*
CELIA WASHINGTON                    ARNOLD E. REED
Defendant                                   Counsel for Celia Washington

Dated:  November 1, 2017              Dated:  November 1, 2017


                                              *s/Pamela L. Rice*
                                              PAMELA L. RICE
                                              Counsel for Celia Washington

                                              Dated:  November 1, 2017